[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO CITE IN
The Defendant Helen Henkel has moved pursuant to General Statutes § 52-102 and Practice Book § 103 for permission to cite in an unidentified person, designated as "John Doe," for purposed of apportionment. The underlying automobile accident alleged in the Plaintiffs' complaint occurred on January 26, 1994. In her motion, the Defendant alleges that she was caused to swerve, resulting in her vehicle's contact with Plaintiffs' vehicle, when the non-contact "John Doe" vehicle entered her lane.
The Plaintiffs object to the motion on the grounds that an apportionment party must be a party who can be named and served, and thus cannot be a "John Doe" party. The Court concurs.
Apportionment is subject to General Statutes § 52-572h(c), which in relevant part states:
 (c) In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable . . . damages . . . .
Apportionment is therein limited to a "party". Public Act 95-111, applicable to actions such as this commenced on or after CT Page 4112-BBB July 1, 1995, sets forth the exclusive procedure by which a defendant may add a party for apportionment purposes. Section 1(a) requires that the defendant's apportionment complaint be served upon "a person not a party to the action." Service of process cannot be made upon an unnamed person.
Apportionment does not lie against an unidentified person. Accord: Delaurentis v. Gervais, Superior Court, judicial district of Waterbury, Docket No. CV 95-124011 (October 12, 1995, Fasano, J.).
The Plaintiffs' Objection to Defendant's Motion to Cite In is sustained.
DAVID L. FINEBERG JUDGE, SUPERIOR COURT